376 P.2d 540

**STATE of Utah, for and on Behalf of the UTAH STATE SECURITIES COMMISSION, Plaintiff and Respondent,**

**v.**

**LAKE HILLS, a Utah corporation, Defendant and Appellant.**

**No. 9695.**

Supreme Court of Utah.

Nov. 29, 1962.

Backman, Backman & Clark, Salt Lake City, for appellant.

A. Pratt Kesler, Raymond W. Gee, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from an injunction against an incorporated cemetery association's proposed public offering of its debentures without registering them as securities under Title 61–1–4, Utah Code Annotated 1953. Affirmed. No costs awarded.

The debentures are simple promissory notes bearing 6% interest. Title 61–1–4 prohibits public offering, without registration, of "any note, stock, treasury stock, bond, debenture or evidence of indebtedness * * *." Title 61–1–5(5) exempts "any security issued by a corporation organized *exclusively* for educational, benevolent, fraternal, charitable or reformatory purposes and not for pecuniary profit."

█ The association's articles of incorporation reflect that its prime purpose is to purchase or otherwise acquire property to inter people who have died. Other provisions appear to be but stereotyped, standard, supplementary provisions in aid of the real purpose. Nowhere is found language reasonably interpretable to categorize this corporation as one whose purpose is *exclusively* for educational, benevolent, fraternal, charitable or reformatory pursuits.

█ The by-laws, not particeps to the basic purpose of incorporation, speak of motives and purposes not found in the articles. Of course these cannot be considered in determining the question of registration of securities under the act.

That such by-laws and the brief of counsel epitomize the association as the disciple of a New Concept, with educational and benevolent attributes, religious in nature, advocating belief in God, employing endeavors simulating those of penal institutions, in an atmosphere attendant to a Shrine, designed to put "the Church back into the Graveyard," promoting patriotism, love of country, reverence, honesty, industry, sincerity and adherence to the law of the land,—all is highly commendable. This may be true, but these are not incorporated in, but only adjuncts to a purpose not *exclusively* dedicated thereto in the articles.

The same is true of the urgence of counsel that the association contemplates Easter and Memorial services, symphonies, choirs, speeches, drama, training in poise, house management, etiquette, courses in religion, art, the construction of a Lyceum Hall where nightly courses in literature, art, science, culture, domestic arts and world events would eventuate, and that there will be made available a Chapel of Chimes, a Meditation Hall purposed to enlighten as to the proper attitude of living, human relations and theory of life, a Drama Theatre for instruction on speaking and acting, a Rotunda of Fame, repository of statuary of the Great and matters of arts and sciences,

a Flower Cove Cafe and Reception Center for wedding parties and courses in cooking indulgeable at available times.

All these are assigned as purposes of the corporation, without inclusion in the basic provisions and purpose found in the articles, which authorize a burial association. If any *exclusiveness* of purpose is apparent, it is found in such authorization. To suggest that the articles reflect a purpose *exclusively* for "educational, benevolent, fraternal, charitable or reformatory purposes" would lend a novel twist to myopia.

The commendable, laudatory functions and facilities anticipated by brief and by-laws of defendant would seem to invite, not avoid registration of the debentures. Be as it may, we are constrained to, and do conclude that under the stipulated facts and the charter of the association, the debentures proposed for public offering are such as must be registered as securities under the provisions of Title 61–1, U.CA.1953.

The contention that Chap. 11, Laws of Utah 1955, having to do with *supervision* of cemetery associations, removes this case from 61–1–4, U.C.A.1953, having to do with *registration of securities*, we think unmeritorious. The two items of legislation do not clash, but are coexistent without conflict.

WADE, C. J., and McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, J., concurs in the result.